### EX PARTE SAMUEL WEEMS.

### [— South. ——.]

CRIMINAL LAW AND PROCEDURE. *Carrying on business without paying privilege taxes. Code* 1906, § 3849. *Laws* 1908, *ch.* 73, *p.* 61. *Peddlers.* ·

> Under Code 1906, § 3849, as amended by Laws 1908, ch. 73, p. 61, imposing different license fees or privilege taxes on different classes of peddlers, an affidavit charging that defendant "unlawfully did carry on and conduct the business of a peddler without first having procured the necessary license therefor" does not sufficiently charge a crime to support a conviction.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Weems, appellant, was convicted of peddling without a license, in the court of a justice of the peace, fined $100, and having failed to pay the fine was imprisoned in the county jail, and sued out a writ of *habeas corpus*. The circuit court remanded him to the custody of the sheriff and he appealed to the supreme court.

The affidavit on which relator was convicted, omitting the

formal parts, charged that appellant in the county of Warren, on a date named "there and then unlawfully did carry on and conduct the business of a peddler without first having procured the necessary license therefor."

Code 1906, § 3849, as amended Laws 1908, ch. 73, p. 61, taxing peddlers is as follows:

"3849. (3375) Peddlers—On each peddler on foot, for
each county ...................................... $30.00

Same, on each peddler with one horse or mule or animal,
for each county............................... 40.00

Same, on each peddler with one horse or mule or other
animal, and wagon or other wheeled vehicle, for
each county ................................. 50.00

Same, on each peddler with a wagon and two horses or
mules or other animals, for each county.......... 80.00

Same, on each peddler of tinware or pottery, or both,
not manufactured in this state, for each county.. 20.00

"But the person or his employe peddling pottery or tinware manufactured by himself in this state shall not be required to pay a privilege tax.

Same, on each transient vendor of merchandise in each
county, whether sold from a wagon, auction stand,
or otherwise ............................... 100.00

"But this section shall not apply to peddlers who only barter merchandise for eggs, poultry, and other farm products.

"Provided, that any person resident of any county in this state who is over sixty years old and who has lost a limb or an eye, or who is otherwise unable to earn a support for himself by labor, and whose taxable property is less than five hundred dollars, may peddle in the county of his residence without paying a privilege tax."

To carry on a business upon which a privilege tax is laid, without having paid the same, is made a misdemeanor by Code 1906, § 3894, punishable by fine in a sum of not less than five

times the tax imposed or by imprisonment in the county jail not more than six months, or both.

*Anderson & Vollor,* for appellant.

The judgment is based upon a void affidavit, and therefore is itself void. It does not charge any crime whatever; it does not specify what appellant peddled or where he peddled it; and there is nothing on the face of the affidavit to justify an amendment. Page 61 of the Laws of 1908 contains all the law on the subject. It will be noted that a foot peddler for each county must pay a license of $30; a peddler with one horse must pay $40; a peddler with a wagon and one horse must pay $50; and a two horse wagon must pay a license of $80; and a peddler by wagon of tinware or pottery not manufactured in this state must pay $20, but if such pottery or tinware is manufactured by the peddler himself in this state he is exempt from a privilege tax. Now, in which of these classes of peddlers does this affidavit charge appellant to belong? Different individuals peddling different articles in different ways pay different amounts for license. This affidavit simply charges that he is carrying on the business of a peddler without obtaining license for that purpose. *Non constat,* but that he was peddling such property as would exempt him entirely from a privilege license.

The fine attempted to be imposed by the judgment was $100. Under Code 1906, § 3894, which is the law governing the amount of fines to be imposed for the non-payment of privilege tax, the minimum fine for such case must not be less than an amount equal to five times the tax imposed on such privilege. If we take this code provision to determine the charge against him, appellant was tried for peddling with wagon tinware or pottery, or both, not manufactured in this state, $20. This is the lowest license under the statute required to be paid by peddlers. But the law will not allow such reasoning to be

---

---

adopted in order to make good an affidavit like the one under consideration.

*George Butler,* assistant attorney-general, for appellee.

Appellant contends that the affidavit upon which the conviction rests is absolutely void in that it does not specify what appellant peddled or how he peddled it, whether on foot or by wagon. The affidavit is not so specific as it might have been, but all possible defects could have been cured by amendment, and, therefore, there is no merit in this suggestion. Code 1906, §§ 87, 1151; *Evans v. State,* 92 Miss. 34; *Smith v. Oxford,* 91 Miss. 652.

SMITH, J., delivered the opinion of the court.

The affidavit upon which appellant was convicted in the court of the justice of the peace wholly fails to bring the appellant within the terms of any subdivision of section 3849, Code 1906. The judgment rendered, therefore, is void.

The judgment of the court below is reversed, and the appellant discharged.       *Reversed.*

